E-FILED
Monday, 21 May, 2018   02:48:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, By and Through Its Board of Trustees; <br><br> and <br><br> MID-CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT APPRENTICESHIP & TRAINING COMMITTEE, CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION (formerly MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS), CENTRAL ILLINOIS BUILDERS, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS LOCAL 270 <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL HOME RESTORATION, INC., a/k/a, or d/b/a "THR 1," <br><br> Defendant. | Cause No.   18-3120 |

## COMPLAINT

COME NOW Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE

TRUST FUND; MID-CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND,

MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT

APPRENTICESHIP & TRAINING COMMITTEE, CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION (formerly MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS), CENTRAL ILLINOIS BUILDERS, CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND, MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND, MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND, CARPENTERS LOCAL 270, by undersigned Counsel, and for Count I of their Complaint against Defendant, TOTAL HOME RESTORATION, INC., a/k/a, or d/b/a "THR 1," allege as follows:

### Parties

1. Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to MID-CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND ("Retirement Savings Fund"), MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS- JOINT APPRENTICESHIP & TRAINING COMMITTEE ("JATC"), CHICAGO REGIONAL COUNCIL OF CARPENTERS, SOUTHERN REGION (formerly MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS) ("Regional Council"),

CENTRAL ILLINOIS BUILDERS ("Central Illinois Builders"), CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND ("Development Fund"), MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND ("Promotional Fund"), MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND ("Substance Abuse"), CARPENTERS LOCAL 270 ("Local 270"), which are collectively-bargained funds, or separate labor-management cooperatives, and to which Defendant agreed to make contributions on behalf of certain of its employees. Together, the foregoing entities will be referred to as "Plaintiff Funds."

3. Defendant, TOTAL HOME RESTORATION, INC., a/k/a, or d/b/a "THR 1," ("Defendant," or "Total Home Restoration") is and/or was an Illinois Corporation maintaining its principal place of business in Park Ridge, Cook County, Illinois.

4. Defendant is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

5. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3), (e)(1), (e)(2), and 515 of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1), (e)(2) and 1145, and § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

6. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301 of the LMRA, 29 U.S.C. § 185(a).

7. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

## Facts Common to All Counts

8.  At all times relevant to this Complaint, Defendant has been signatory to one or more Collective Bargaining Agreements ("Collective Bargaining Agreement(s)") with the Regional Council. *See*, **EXHIBIT A**.

9.  Defendant further is and/or was also signatory to and bound by a Participation Agreement, or Agreements ("Participation Agreement(s)") with the Welfare Fund.

10. Pursuant to the Participation Agreement(s), Defendant agreed to become party to and to be bound by the terms and provisions of certain Trust Document(s) establishing the Welfare Fund.

11. The Participation Agreement(s) and Trust Document(s) require Defendant to pay monetary contributions to the Welfare Fund at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

12. Defendant is also required by the terms of the Collective Bargaining Agreement(s) to pay certain contributions to, or to deduct certain amounts from its employees' gross wages and to transfer those amounts to the Welfare Fund for disbursement to Retirement Savings Fund; JATC; Regional Council; Central Illinois Builders; Development Fund; Promotional Fund; Substance Abuse; and Local 270.

13. The Agreement(s) and/or Trust Documents adopted by the Trustees of the Welfare Fund and to which Defendant is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Welfare Fund for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

Such relief is also specifically authorized in an action pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145.

## COUNT I

## AUDIT LIABILITY DUE

## (CENTRAL ILLINOIS CARPENTERS HEALTH &

## WELFARE TRUST FUND ON BEHALF OF ALL PLAINTIFFS)

COMES NOW Plaintiff, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, on its own behalf and on behalf of those funds for which it has been duly authorized to act as collection agent, and for Count I of its Complaint against Defendant, TOTAL HOME RESTORATION, INC., a/k/a, or d/b/a "THR 1," states as follows:

14. Plaintiff Funds restate and reincorporate paragraphs 1 through 13 of their Complaint, as if fully set forth herein.

15. The Agreement(s) and/or Trust Documents authorize the Trustees to conduct audits of signatory contractors from time to time.

16. Defendant was audited for the period of August 1, 2015 through September 30, 2017.

17. The audit resulted in a finding of delinquent contributions due to Plaintiff Funds in the amount of $13,070.86 ("Delinquency"). *See*, **EXHIBIT B**.

18. As a result of incurring the Delinquency, Defendant is further liable for Liquidated Damages in the amount of $2,614.31.

19. As a result of incurring the Delinquency, Defendant is further liable for interest in the amount of $4,313.41, or a different and greater amount to be proven at trial.

20. Defendant is also liable for the audit fee of $1,390.95.

21. Pursuant to ERISA, 29 U.S.C. Section 1132(g)(2), and the Trust Agreement(s), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by Plaintiffs in collection of delinquent contributions and liquidated damages, in an amount to be proven at trial.

22. Plaintiffs have made a demand for payment of the foregoing amounts, but Defendant has failed and refused to pay without good cause.

23. As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund; Mid-Central Illinois Carpenters Retirement Savings Fund, Mid-Central Illinois Regional Council of Carpenters- Joint Apprenticeship & Training Committee, Chicago Regional Council of Carpenters, Southern Region (Formerly Mid-Central Illinois Regional Council of Carpenters), Central Illinois Builders, Carpenters Labor Management Education & Development Fund, Mid-Central Illinois Regional Council of Carpenters Promotional Fund, Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund, and Carpenters Local 270, prays as follows:

A. That Judgment be entered in favor of Plaintiff Funds and against Defendant;

B. That the Court enter an Order awarding Plaintiffs delinquent contributions in the amount of $13,070.86.

C. That the Court enter an Order awarding Plaintiffs Liquidated Damages in the amount of $2,614.31;

D. That the Court enter an Order awarding Plaintiffs interest in the amount of $4,313.41, or a different and greater amount to be proven at trial;

E.  That the Court enter an Order awarding Plaintiffs audit costs of $1,390.95;

F.  That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs;

G.  That an Order be entered awarding Plaintiffs their reasonable attorney fees of this action, in an amount to be proven at trial;

H.  That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
Cavanagh & O'Hara LLP
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs